

U.S. Department of Justice

United States Attorney
District of Delaware

| | |
|---|---|
| 1007 Orange Street, Suite 700 | (302) 573-6277 |
| P.O. Box 2046 | FAX(302) 573-6125 |
| Wilmington, Delaware 19899-2046 | |

May 4, 2006

**By Facsimile & ECF**

The Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street, Lock Box 27
Wilmington, Delaware 19801

    Re:    **United States v. Gwennette Bowman,
                   Criminal Action No. 05-36-2-JJF**

Dear Judge Farnan:

      In anticipation of this morning's Rule 11 hearing in the above-captioned case, please find a copy of the revised plea agreement the parties have agreed to enter. This plea differs in one minor respect from the copy I originally provided the Court – paragraph six was added to memorialize the parties' agreement that Counts Six and Seven are "closely related" for sentencing purposes.

                                     Respectfully submitted,

                                     COLM F. CONNOLLY
                                     United States Attorney

CFC:taj
Enclosure

cc:    James E. Liguori, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-36-2-JJF |
| | ) | |
| GWENNETTE BOWMAN | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ferris W. Wharton, Assistant United States Attorney for the District of Delaware, and the defendant, Gwennette Bowman, by and through her attorney, James E. Liguori, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts Six and Seven of the Indictment. Count Six charges the defendant with distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The maximum sentence the defendant could receive for Count Six is five years imprisonment, a fine of $250,000, three years of supervised release, and a $100 special assessment. Count Seven charges the defendant with offering for sale drug paraphernalia, in violation of 21 U.S.C. § 863. The maximum sentence the defendant could receive for Count Seven is three years imprisonment, a $250,000 fine, a one year of supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count Six of the Indictment: (1) that on or about February 22, 2005, the defendant distributed a mixture and substance containing a detectable amount of marijuana; and (2) that the defendant acted knowingly. With respect to Count Seven of the Indictment, the government would have to prove the following elements: (1) that on or about March 16, 2005, the defendant offered for sale drug paraphernalia; and (2) that the defendant acted knowingly.

3. The defendant admits with respect to Count Six that on February 22, 2005, she sold approximately 15 grams of marijuana to an individual acting as a law enforcement informant. The transaction occurred at her home located at 3880 Paradise Alley, Harrington, Delaware and was preceded by a telephone call arranging the transaction. With respect to Count Seven the defendant admits that she and Robert Cooke were partners in a business known as Teragwen's Leather Toys and Lace, located at 1044 South DuPont Highway, Dover Delaware. She further admits that on March 16, 2005 and previously, she and Cooke offered for sale drug paraphernalia, including bongs, assorted pipes, smoking masks, roach clips, digital scales, and urine cleansing kits.

4. The defendant abandons any right, title, and interest that she may have in the drug paraphernalia seized by the Delaware State Police on or about March 16, 2005; agrees to execute all documents requested by the government to effect her abandonment; and agrees that the Delaware State Police may dispose of the drug paraphernalia in whatever manner it deems appropriate.

5. The United States represents to the defendant that based on the information available to it, the United States believes that the amount of marijuana reasonably attributable to the defendant for sentencing purposes under USSG §2D1.1 is at least five but less than ten kilograms. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG §3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional one-level reduction under USSG §3E1.1(b) based on the defendant's conduct to date, and will so move the District Court at sentencing.

6. The United States agrees that for sentencing purposes Counts Six and Seven are "closely related" as defined by USSG §3D1.2.

7. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney.

8. The defendant agrees to pay the $200 special assessment on the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of

Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
James E. Liguori, Esquire  
Attorney for Defendant

_____  
Colm F. Connolly  
United States Attorney

_____  
Gwennette Bowman  
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
HONORABLE JOSEPH J. FARNAN  
United States District Judge  
District of Delaware